Houck, J.
The plaintiff in error here, Elizabeth Steele, was the plaintiff below and the défendant in error here was the defendant below, and hereafter *267 in this opinion they -will he referred to as the plaintiff and defendant.
The evidential facts in this case are known to the parties hereto, the counsel and court, and therefore need not be re-stated in this opinion.
The plaintiff recovered a judgment in the court below against the defendant, in the sum of $665; ior alleged damages to plaintiff’s lands, caused by defendant placing piers under its bridge over a certain ditch or stream of water, thereby diverting the water therein from its regular course and causing it'to overflow over the lands of plaintiff.
•. The jury at the time it returned the general verdict answered a number of special' interrogatories which were presented by the defendant.
The trial judge sustained a motion of the defendant for a judgment on the special findings of fact because they were inconsistent with the general verdict.
Question: Did the court below err in sustaining this motion?
In order to properly pass upon the question1 here raised we deem it necessary to refer to but one.of' the special findings of fact, namely, No. 11: Was the flood of 1913 in the township of Milton, Wayne county, Ohio, where the plaintiff’s lands are located, an extraordinary and unprecedented flood? Answer: Yes.
Edgar L. Steele, the husband of the plaintiff, testified as follows:
“Q. In 1911 and 1912 was there any overflow on the land of Mrs. Steele, the plaintiff? A. No, I don’t think so, the most overflowing was in 1913, 1914,. 1915 and 1916.
.“QL Was it in 1913? A. That was the time of the big flood, yes sir.
*268 “Q. From what stream was her land overflowed? A. From the Big Chippewa.
“Q. What effect did it have at the time of the high water in 1913? A. It went all over the land.
“Q. I understand you now to say that prior to 1913 you never had any debris thrown over there by the flood, no Canadian thistles, no briers? A. No sir.
“Q. What year prior to 1913 did you have any flood over Mrs. Steele’s land? A. There was a time or two that thé water would back up or something of that kind.
“Q. You. had a backing up of the water even before the bridge was built? A. Yes, that is when we had it.
“Q. Didn’t you say you did not have any except a little backing water until 1913? A. Yes sir, Isay so yet.
. “Q. Didn’t you answer to Mr. Metz that there was no flooding in 1912? A. I don’t know.
‘‘Q. If you did, was it true? A. If I said so it was true — I am not here to lie.
, “Q. Now we will come to 1913. Had you known .such a flood as 1913 in any year from 1905 to 1913? A. 1913 was the highest wafer.
. “Q. The fact is that a large portion of Mrs. Steele’s farm was under water in 1913? A. Yes sir.
“Q. When you come to 1913 and that flood you say. that those embankments were softened and destroyed and were washed over to your wife’s land? A... Yes sir.”
Section 11464, General Code, provides:
..‘.‘When a special finding of facts is inconsistent with the general verdict, the former shall control the *269 latter, and the court may give judgment accordingly.”
Thus, as in the instant case, where the special finding of fact by the jury is in conflict with the general verdict, and is upon a question material to or decisive of the case, it is proper to enter a judgment that is responsive to the finding of fact, notwithstanding the general verdict. But unless the special finding of fact is so irreconcilably in conflict with the general verdict that both cannot stand the motion must be overruled without regard to the evidence.
In the present case the evidence clearly supports the finding of fact that the flood of 1913 was unprecedented, and further that prior to said time the water from the ditch in question never overflowed the land of plaintiff to her damage. We think the case of Davis v. Turner, 69 Ohio St., page 101, third paragraph of the syllabus, is decisive of the question here raised:,
“To be inconsistent with the general verdict as contemplated by Section 5202 Revised Statutes [now Section 11464, General Code], it must appear that the special findings are irreconcilable, in legal sense, with the general verdict; and to justify the court in setting aside or disregarding the general verdict on the ground that it is inconsistent with such special findings, the conflict must be clear and irreconcilable.”
The damage to the lands of plaintiff, if any, was caused by an unprecedented flood in the year 1913. This was an act of God, for which in law no recovery in damages can be had. The act of God denotes natural accidents, such as floods, earthquakes and tempests, and not accidents arising from the negligence or any act of man. The expression means something in opposition to the act of man.
*270 It follows from what we have already said that it is the opinion of this court that there is no prejudicial error in the judgment of the common pleas court and that it should he affirmed.

Judgment affirmed.

Shields and Patterson, JJ., concur.